IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Kevin Angelo Robinson,                )
                                      ) Cr. No. 1:06-1000
                   Movant,            )
                                      )
         vs.                          )
                                      )        **ORDER AND OPINION**
United States of America,             )
                                      )
                   Respondent.        )
_____)

Movant Kevin Angelo Robinson ("Movant") is an inmate in custody of the Federal Bureau

of Prisons. He currently is housed at USP-Tuscon in Tuscon, Arizona. Movant, proceeding pro se,

brings this action pursuant to 28 U.S.C. § 2255.

## I. FACTS AND PROCEDURAL HISTORY

Movant was indicted along with two co-defendants on September 13, 2006 and charged with

conspiracy to knowingly use and carry a firearm during and in relation to, and to possess a firearm

in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 1); knowingly

using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a

drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and felon in possession, in

violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 6). ECF No. 26. Movant was

arrested on September 21, 2006. He was arraigned before a United States Magistrate Judge on

October 3, 2006, at which time he waived reading of the indictment and pleaded not guilty.[1]

A pretrial conference was held on October 31, 2006, at which Movant was represented by

---

[1] Under 18 U.S.C. § 3161(c)(1) of the Speedy Trial Act, the trial must be held within seventy
days of a plea of not guilty. Certain periods of delay are excluded in computing the time within
which a trial must commence. See id. § 3161(h).

Federal Public Defender Katherine E. Evatt. The court was informed that the Federal Public Defender had not yet been provided discovery materials. The court further was informed that the parties had not yet had the opportunity to engage in meaningful plea negotiations, and also that the filing of a superseding indictment was likely. All parties consented to a continuance, with the exception of Movant, who wished to proceed to trial without discovery. The court granted the continuance and indicated that a written order would be forthcoming.

After balancing the best interests of the public and the defendants in a speedy trial against the ends of justice, the court continued the matter to the January 2007 term of court by written order filed November 6, 2006. The period of delay was excluded in computing the time which trial must begin pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, et seq.; that is, from November 6, 2006 to January 9, 2007.

Also on November 6, 2006, retained counsel, Jerry M. Screen, filed a notice of appearance on behalf of Movant, and the Federal Public Defender's representation was terminated. On December 13, 2006, Respondent United States of America (hereinafter "Respondent" or "the government") filed an Information notifying Movant that he was subject to increased penalties pursuant to 21 U.S.C. § 851 based on state court convictions for (1) possession of less than one gram of crack cocaine in Aiken County, South Carolina (sentence date October 13, 1997); and (2) possession of a controlled substance, first offense, in Aiken County, South Carolina (sentence date February 26, 1998). ECF No. 77. On December 19, 2006, the court held a pretrial conference at which the government requested a continuance based on the imminent filing of a superseding indictment. All parties consented to the continuance. The court granted the continuance and noted that a written order would be forthcoming.

On December 20, 2006, a superseding indictment was filed naming Movant and thirteen co-defendants. The indictment charged Movant with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to knowingly use and carry firearms during and in relation to, and to possess firearms in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2); knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Count 3); felon in possession and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) and 18 U.S.C. § 2 (Count 4); and felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 11). ECF No. 81. On December 28, 2006, the court entered an order to continue based on the ends of justice. The period of delay was excluded as provided under the Speedy Trial Act; that is, from December 28, 2006 to March 16, 2007. Movant was arraigned on the superseding indictment on January 11, 2007.

A pretrial conference was held on February 28, 2007, at which the government requested a continuance due to ongoing plea negotiations. All parties consented to the continuance with the exception of Movant. The court continued the case and stated that a written order was forthcoming. On March 2, 2007, the court issued an order in which it noted that the government was in plea negotiations with several of the defendants; that the government had not yet had the opportunity to communicate with several attorneys regarding the possibility of plea negotiations; and that two of the defendants named in the superseding indictment had not yet been apprehended. The court determined that the interests of justice weighed in favor of the continuance to the next term of court. The period of delay was excluded in computing the time which trial must begin pursuant to the

Speedy Trial Act; that is, from March 2, 2007 to May 8, 2007.

On April 18, 2007, a second superseding indictment was filed charging Movant with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to knowingly use and carry firearms during and in relation to, and to possess firearms in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2); knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Counts 3, 8, 9); felon in possession and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) and 18 U.S.C. § 2 (Count 4); felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 13); tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) and (b)(2) (Count 16); and obstruction, in violation of 18 U.S.C. § 1512(c)(2) (Count 17). ECF No. 329. Movant was arraigned on the second superseding indictment on May 1, 2007. He waived reading of the indictment and entered a plea of not guilty.

Also on May 1, 2007, the court held a pretrial conference. The government requested a continuance based on the filing of the second superseding indictment. All parties consented, with the exception of Movant. The court continued the case until the next term of court and noted that a written order would be forthcoming. On May 3, 2007, the court entered an order observing that a second superseding indictment included additional charges against Movant and one other co-defendant; two co-defendants had not yet been arraigned; and that counsel could not reasonably be expected to adequately represent their clients if the case were to remain scheduled for trial in May 2007. The court specifically found that Movant's counsel was required to have additional time to

prepare to meet the new charges against Movant, including the review of discovery related to such charges. The court determined that the interests of justice weighed in favor of a continuance. The period of delay was excluded in computing the time within trial must begin pursuant to the Speedy Trial Act; that is, from May 3, 2007 to July 10, 2007.

On May 3, 2007, Mr. Screen was terminated as counsel for Movant. On May 9, 2007, Jeffrey P. Bloom ("trial counsel") was appointed to represent Movant. A pretrial conference was held on June 26, 2007, at which time the government requested a continuance based upon the need to complete discovery and the need for additional time to engage in or finalize plea negotiations. All parties consented to a continuance. On July 3, 2007, the court issued an order to continue in which it noted that the parties were engaged in plea negotiations, and further that the defendants could be impacted by certain interviews recently conducted, or to be conducted, by the government. The court again determined that the interests of justice weighed in favor of a continuance. The period of delay was excluded in computing the time within trial must begin pursuant to the Speedy Trial Act; that is, from July 3, 2007 to September 6, 2007.

A third superseding indictment was filed on August 28, 2007, against Movant and nine co-defendants. Movant was charged with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to knowingly use and carry firearms during and in relation to, and to possess firearms in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 2); knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 (Counts 3, 8, 9); felon in possession and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1),

924(a)(2), and 924(e) and 18 U.S.C. § 2 (Count 4); felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 13); tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) and (b)(2) (Count 16); obstruction, in violation of 18 U.S.C. § 1512(c)(2) (Count 17); possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts 18, 19, 23); possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 24); using and carrying a firearm during and in relation to, and possessing in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 25); and felon in possession, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 26).  ECF No. 501.

A pretrial conference was held on August 29, 2007.  Movant's case was set for trial on September 24, 2007.  The government moved to continue the case as to the remaining co-defendants. Movant was arraigned on the third superseding indictment on September 5, 2007, to which he waived reading of the indictment.  Movant thereupon entered a plea of not guilty.

Also on September 5, 2007, Respondent filed a notification of intent to offer expert witnesses.  See Fed. R. Crim. P. 16(a)(1)(G).  Among other individuals, Respondent identified as an expert Sergeant Trevor Brown, as follows:

> Sgt. Brown is with the Narcotics Unit of the Sumter County Sheriff's Office, and will be offered as an expert on drug cutting, packaging, pricing, and distribution; about commonly used terminology, equipment or accessories commonly used by drug dealers, including digital scales, firearms, surveillance equipment, and police scanners; the quantities of marijuana, crack, and powder cocaine normally associated with distribution, as opposed to personal use; regarding the amount and type of cash typically possessed or associated with distribution of illicit drugs; methods and patterns of illegal drug distribution; and, the association between firearms and the distribution of illicit drugs, including the means by which firearms facilitate such distribution.

This testimony will be based upon Sgt. Brown's education, training, and experience gained as a narcotics officer. Sgt. Brown has been with the Sumter County Sheriff's Office since June 1998. He was a narcotics investigator from 2000 through 2004, including two years as a federally deputized Task Force Officer with the DEA Task Force in Columbia, South Carolina. Since leaving the Task Force, Sgt. Brown has continued to assist in narcotics investigations. He has been involved in hundreds of arrests of individuals accused of involvement with illegal drugs (including cocaine, marijuana, and crack cocaine). He has also been involved in the execution of hundreds of drug-related search warrants. Additionally, Sgt. Brown has received his Marijuana Certification from the South Carolina Law Enforcement Division; has attended the Basic Narcotics School; and, has graduated from the Narcotics Commanders School (2004).

Sgt. Brown currently supervises the Narcotics Interdiction Team for the Sumter County Sheriff's Office Narcotics Division.

ECF No. 543.

Jury selection took place on September 6, 2007.[2] On September 13, 2007, trial counsel filed a reply and objection to Respondent's notice of its intent to offer Brown as an expert witness. ECF No. 573. Relying on Fed. R. Evid. 702, 703, and/or 705; Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); and Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), trial counsel argued that Brown's field of alleged expertise is not recognized in the scientific community, and constitutes "junk science." ECF No. 573, 1. Respondent filed a reply to Movant's objections regarding Brown on September 14, 2007.

Also on September 13, 2007, trial counsel filed a motion to dismiss for lack of a speedy trial as to Counts 1, 4, 8, 9, 16, 17, 18, 19, 23, 24, 25, and 26. ECF No. 587. In the motion, trial counsel observed that Movant had repeatedly not consented to continuances and had repeatedly requested a speedy trial, including, but not limited to, court appearances of October 3, 2006; October 31, 2006;

---

[2] As noted in the order for continuance filed July 3, 2007, September 6, 2007 constituted the termination of the excludable period under the Speedy Trial Act.

December 19, 2006; February 28, 2007; and May 1, 2007. Trial counsel argued that Movant was prejudiced because Respondent had added twelve offenses to the original indictment as to Movant during the months the case had been continued. ECF No. 587.

On September 18, 2007, the court held a pretrial conference at which it heard argument regarding the admissibility of Brown as an expert witness as well as Movant's Speedy Trial Act motion. Regarding Brown, the Assistant United States Attorney (AUSA) informed the court that Brown had no involvement in the investigation of Movant and that, consequently, Brown would not be testifying as a fact witness. The AUSA stated that he intended to ask Brown fact-based questions regarding drug cutting, packaging, pricing, and distribution of cocaine, cocaine base, and marijuana. The court ruled that Brown was qualified as an expert regarding illegal drug activities specifically related to cocaine, cocaine base, and marijuana. The court further ruled that Brown was precluded from testifying as to Movant's mental intent. ECF No. 1055, 6-8.

Regarding Movant's Speedy Trial Act motion, the court ruled as follows:

> The original indictment in this case was filed September 13 of 2006 and we're set to go to trial on September 24 of 2007, which is a little over a year after the original indictment was filed. And counts, I guess, 18 through 26 were new charges brought pursuant to the third superseding indictment *[filed August 28, 2007]*. And Mr. Robinson was arraigned on the third superseding indictment on September 6 *[sic - September 5]* of 2007. So for counts 18 through 26 the 70 day period of the speedy trial purposes began to run at the earliest on August 28th of 2007. So the trial for September 24th is clearly within the 70 day period. Since the remaining counts against defendant are joined, count 18 through 26, in one indictment, pursuant to the case law in the Cary[3] [*sic*] case it would be the exclusion of the time for count 18 through 26 applies to the remaining counts.
>
> Although Mr. Robinson did object to the continuance sought by the government and by his codefendants in October of 2006 and -- October 3 and October 31st, February 28 and May 1, there was never a motion by the defendant to

---

[3] <u>United States v. Carey</u>, 746 F.2d 228, 230-31 (4th Cir. 1984).

8

sever his case from the other defendants. The case was severed, in fact defendant Cunningham filed a motion for severance in May of 2007. So at a minimum it would appear that the time periods granted in continuances prior to July 16, 2007 should be excluded in the speedy trial calculation. Based on that analysis I find that the motion to dismiss for lack of a speedy trial should be denied.

ECF No. 1055, 33-34.

Movant proceeded to trial on September 24, 2007. Respondent's first witness was Brown, who testified that he had been a narcotics investigator since April 2000. Brown described his experience and training for the jury and stated that he had extensive experience in the areas of drug cutting, packaging, pricing, and distribution. Brown further testified that he was experienced with respect to terminology, equipment, and accessories commonly used by drug dealers, as well as quantities of marijuana, cocaine base, and cocaine normally associated with distribution as opposed to personal use. In addition, Brown stated that he was familiar with amounts and types of cash typically possessed or associated with the distribution of cocaine, cocaine base, and marijuana, as well as methods and patterns of illegal drug distribution. Brown also testified that he had extensive experience involving the association between firearms and the distribution of drugs. ECF No. 716, 1-115 to -121.

Brown thereafter responded to questioning from the AUSA regarding street level dealers; levels of distribution above the street level; cash transactions or trades for drugs; standard denominations of currency that typically are associated with dealing cocaine base, cocaine, and marijuana; methods of preparing cocaine base; and drug paraphernalia, such as scales, pipes, and baggies. Brown also testified that drug dealers use firearms and video surveillance cameras for protection, as well as police scanners to overhear law enforcement conversations. Brown testified that persons involved in drug deals use code words when discussing drug transactions. Id. at 1-121

to - 131.

In further support of its case-in-chief, Respondent called a number of Movant's co-defendants and other individuals regarding their drug transactions with Movant, Movant's organizational structure, and Movant's suppliers. A number of witnesses testified as to facilitating drug transactions between Movant and other users and that they would be paid in drugs after running errands or doing odd jobs, such as yard work, for Movant. Witnesses also testified regarding Movant's accepting trades for drugs, such as guns, lawn mowers, trailers, mopeds, tools, and video games. A number of witnesses testified that Movant would supply drugs in exchange for sexual favors. Some witnesses testified that they broke into homes looking for guns, money, jewelry and other valuables to trade for drugs. In addition, some witnesses testified as to viewing cash and guns at Movant's residence. Several witnesses testified as to locations at Movant's residence where he would hide drugs, firearms, and cash. Witnesses testified that Movant had a police scanner and scales. See generally Trial Testimony of Theresa Kelly; Stacey Stevens; Wilbur Sims, Jr.; Joseph Carr; Thomas Price; Jessica D. Gregory; Alexica Paige Baker; Ricardo Tyree Mack in ECF No. 717; Trial Testimony of Maria Seybert; Terry DeLoach; Marty Baggott; Marqual Cunningham; Johnny Lee Robinson, Jr.; Marquez Gilstrap; Kuniaki Miles; Christopher Eugene Blitchington in ECF No. 718; and Trial Testimony of Dorothy Beth Blitchington, Anthony Dwayne Clark, Crystal Newsome, Christopher Arthur, Christopher Shane Blitchington, William Horan in ECF No. 719. The government also presented testimony from the state and federal law enforcement officers involved in the investigation of the case.

On September 27, 2007, the court dismissed Counts 16 and 17. On September 28, 2007, the jury found Movant guilty as to Counts 1, 2, 3, 4, 9, 13, 18, 19, 23, 24, 25, and 26. Movant was found

not guilty as to Count 8.

On October 9, 2007, as supplemented October 11, 2007, Movant filed a motion for a new trial based newly discovered evidence. See Fed. R. Crim. P. 33(a), (b)(1). Specifically, Movant informed the court that news media had reported on October 4, 2007 that certain government witnesses had been dismissed or disciplined from their positions with the Aiken County, South Carolina, Sheriff's Department. According to a news article provided by Movant, certain of the government witnesses had driven an unmarked, county-owned vehicle to bars in Augusta, Georgia, and North Augusta, South Carolina, on September 13, 2007, for the purpose of consuming alcoholic beverages. The article also reported that a woman had performed a sexual act with one of the government witnesses in the county-owned vehicle. Movant asserted that such information would have been material to the cross-examination of these government witnesses. ECF No. 652, 654. Respondent filed a memorandum in opposition to Movant's motion on March 24, 2008. Respondent argued that no negative personnel documents existed in the files of the dismissed government witnesses at the time of trial, and thus there was no evidence that possibly should have been disclosed pursuant to United States v. Giglio, 405 U.S. 150 (1972). Respondent further contended that, even had the personnel documents existed, it would not have changed the outcome of the proceedings. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). ECF No. 740, 741.

On April 3, 2008, Movant filed a motion to dismiss the § 924(c) counts, Counts 2, 3, 9, and 25, pursuant to Watson v. United States, 552 U.S. 74 (2007). In Watson, the Supreme Court held that a person who trades drugs for guns does not "use" a firearm "during and in relation to . . . [a] drug trafficking crime" within the meaning of § 924(c)(1)(A). Respondent filed a memorandum in opposition on April 25, 2008, in which it argued that Counts 3 and 9 also properly charged the

"possession" prong of 924(c)(1). ECF No. 748. Respondent further argued that Count 2, a § 924(c) conspiracy charge, was supported by substantial evidence of Movant's gun use associated with drugs, separate and apart from trading guns. Finally, Respondent argued that Count 25 was not based upon the exchange of drugs for a firearm, so that <u>Watson</u> was not controlling. ECF No. 758.

On April 30, 2008, the court held a hearing on Movant's motion. The court granted Movant's motion for a new trial and denied Movant's <u>Watson</u> motion as moot. Respondent filed a motion for reconsideration on May 13, 2008, in which it argued, among other things, that any new trial should be limited to those counts of conviction that materially involved the dismissed government witnesses, i.e., Counts 18, 19, and 23 through 26. ECF Nos. 791, 811-814.

On June 25, 2008, the court held a hearing on Respondent's motion for reconsideration. The court determined that Movant would go to trial solely on Counts 18, 19, and 23 through 26. However, after considering a motion for reconsideration filed by Respondent, the court determined on June 25, 2008, that Movant was entitled to a new trial as to Counts 18, 19, 23, 24, 25, and 26 only. On June 30, 2008, Movant filed a second motion to dismiss Counts 2, 3, and 9, the § 924(c) counts, pursuant to <u>Watson</u>. ECF No. 822. Respondent filed a reply in opposition to Movant's <u>Watson</u> motion on June 30, 2008. ECF No. 824. On July 24, 2008, Respondent moved to dismiss Counts 18, 19, 23, 24, 25, and 26 without prejudice. Respondent's motion was granted on August 6, 2008. Accordingly, Movant did not proceed to trial again on Counts 18, 19, 23, 24, 25, and 26.

On August 21, 2008, the court issued an order denying Movant's motion to dismiss the § 924(c) counts. The court observed that the evidence presented at trial established that Movant received firearms in exchange for guns on numerous occasions. Under <u>United States v. Woods</u>, 271 F. App'x 338 (4th Cir. 2008), an individual who receives firearms in exchange for drugs "possesses"

the firearms in furtherance of a drug trafficking offense, even though he has not "used" the firearms, for purposes of Section 924(c). Accordingly, the court denied Movant's motion to dismiss. ECF No. 858.

A presentence investigation report (PSR) was prepared that attributed to Movant 502.96 grams of cocaine base, 11.61 grams of powder cocaine, and 125.47 grams of marijuana, for a total combined drug weight of 10,061.647 kilograms of marijuana. Movant's base offense level for Count 1 was 34. Movant's base offense level for Count 1 was increased by four levels based on a determination that Movant was an organizer, leader, manager, or supervisor in a criminal activity. See U.S.S.G. § 3B1.1(a). Movant's combined adjusted offense level for Counts 2, 4, and 13 was 20. Movant's base offense level for Counts 2, 4, and 13 was increased by six levels because the offense involved at least 25 but less than 99 firearms. See U.S.S.G. § 2K2.1(b)(1)(C). Another four level increase was applied because multiple firearms were stolen. See U.S.S.G. 2K2.1(b)(4)(A). Two more levels were applied because Movant was an organizer, leader, manager, or supervisor in a criminal activity. See U.S.S.G. § 3B1.1(c). Movant's combined adjusted offense level for Counts 2, 4, and 13 was 38. For Count 3, Movant was assessed the minimum term of imprisonment of five years, consecutive to any other term of imprisonment. See U.S.S.G. § 2K2.4(b). For Count 9, Movant was assessed the minimum term of imprisonment of 25 years, to be served consecutively to any other term of imprisonment. See id. Based on a total offense level of 38 and a criminal history category of I, Movant's guidelines range was 240 to 293 months imprisonment, to be followed by mandatory consecutive sentences as to Counts 3 and 9. Movant interposed the following objections:

Objection No. 1: The defendant submits that he is subject to one (1) 5-year

consecutive sentence under the 924(c) counts, as reflected in Counts 2, 3, and 9. Thus, the defendant specifically objects to Count 3 as a 25 year consecutive sentence; and Count 9 as a 25 year consecutive sentence.

Objection No. 2: The defendant objects to the enhancement (between 20-40 firearms) contained in Paragraph 98 (and any related Paragraphs) because that alleged fact was not found by a jury. Moreover, the evidence was insufficient to support this enhancement; and, it amounts to double punishment.

Objection No. 3: The defendant objects to the enhancement (stolen firearms) contained in Paragraph 99 (and any related Paragraphs) because that alleged fact was not found by a jury. Moreover, it amounts to double punishment.

Objection No. 4: The defendant objects to the enhancement (organizer/leader) contained in Paragraph 94 (an any related Paragraphs) because that fact was not found by a jury. Moreover, some testimony actually contradicted this enhancement, such that the evidence was insufficient to support this enhancement. Alternatively, defendant argues at the most only a 2 level enhancement should be applied.

Objection No. 5: Crystal Newsome contradicted herself in the alleged drug amounts attributable to the defendant in her statement to law enforcement and as compared to her trial testimony. Thus, her allegation of drug weight is unreliable, and should not be counted, as reflected in Paragraph 31 (and any related Paragraphs) in this regard.

Objection No. 6: Jessica Gregory's statement to law enforcement as to the alleged drug amounts attributable to the defendant was contradicted by Christopher (Eugene) Blitchington so that Gregory's testimony is unreliable and should not be counted, as reflected in Paragraph 44 (and any related Paragraphs) in this regard.

Objection No. 7: Dorothy Blitchington's testimony as to the alleged drug amounts attributable to the defendant was not corroborated by any other witness, and was in fact contradicted by Crystal Newsome, so that Blitchington's testimony is unreliable and should not be counted, as reflected in Paragraph 48 (and any related Paragraphs) in this regard.

Objection No. 8: Joseph Carr was named in the defendant's own proffer so that alleged drug amounts attributable to the defendant should not be counted, as reflected in Paragraph 65 (and any related Paragraphs) in this regard.

Objection No. 9: The defendant is entitled to an acceptance of responsibility and thus a reduction of 2 levels per USSG § 3E1.1(a). The defendant provided information in a proffer interview which implicated others, and which is, in fact, specifically

referenced in the PSR. The defendant did not try to deny certain conduct at trial - neither through cross examination nor through any attempt to offer misleading evidence.

Objection No. 10: Defendant submits an additional specific objection to the drug weight allegedly attributable to him in Paragraph 46 (Marquez Gilstrap). Defendant submits that the prior draft PSR was correct in that such alleged drug weight should not be attributed to the defendant because the defendant had previously identified Gilstrap in defendant's proffer interview on December 5, 2006. This would, according to the PSR's own terms, reduce the defendant's Total Offense Level in the Revised PSR - from 38 - to that of 36.

ECF No. 1035-1.

On March 16, 2009, Movant appeared before the court for sentencing as to Counts 1, 2, 3, 4, 9, and 13. Objection Nos. 1, 2, 3, 4, 5, 8, and 9 were overruled. The court sustained Movant's Objections No. 6 and 7, and Objection No. 10 was withdrawn. As a consequence, Movant's total offense level became 36. With a criminal history category of I, Movant's guideline range became 188-235 months imprisonment. However, because Movant was subject to a mandatory minimum sentence of 240 months, his guideline range became 240 months.

Movant was committed to the custody of the Bureau of Prisons for 600 months, consisting of 240 months as to Counts 1 and 2, 120 months as to Counts 4 and 13, all to be served concurrently; and 60 months as to Count 3 and 300 months as to Count 9, to be served consecutively to each other and to Counts 1, 2, 4, and 13. Judgment was entered on March 19, 2009. Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit on December 1, 2010. <u>See United States v. Robinson</u>, 627 F.3d 941 (4th Cir. 2010).

This matter now is before the court on Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed on December 21, 2011. Movant asserts that he received ineffective assistance of counsel in violation of his rights under the Sixth Amendment.

Specifically, Movant contends:

> (1)    Trial counsel was ineffective for failing to request a curative instruction before, during, or after Sergeant Trevor Brown's testimony.

> (2)    Trial counsel was ineffective for providing bad advice regarding the 18 U.S.C. § 924(c) counts.

> (3)    Appellate counsel was ineffective for failing to appeal the denial of the motion to dismiss the indictment for a Speedy Trial Act violation.

> (4)    Appellate counsel was ineffective for failing to appeal the leadership enhancement Movant received at sentencing.

ECF No. 1234-1, 10.

On April 9, 2012, Respondent filed a response in opposition to Movant's § 2255 motion, as well as a motion for summary judgment. By order also filed on April 9, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On April 11, 2012, Respondent filed an amended response in opposition and amended motion for summary judgment. A second Roseboro order was issued on April 11, 2012. Movant filed a response in opposition to Respondent's summary judgment motion, as amended, on June 18, 2012.

## II.  DISCUSSION

Respondent has moved for summary judgment. Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if Respondent shows that there is no genuine dispute as to any material fact and Respondent is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. United States

v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id.

Law/Analysis

Movant asserts that trial counsel and appellate counsel were ineffective. To prove ineffective assistance of counsel, Movant must show that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

A.    Trial counsel was ineffective for failing to request a curative instruction before, during, or after Sergeant Trevor Brown's testimony.

Movant contends that trial counsel's performance was deficient because Brown's expert opinion testimony mirrored the testimony of Movant's co-defendants and others who testified regarding Movant's drug activities. Movant asserts that, without the curative instruction, the jury

was not able to distinguish the evidence presented through the cooperating witnesses from the opinions offered by Brown. According to Movant, Brown's testimony impermissibly bolstered the testimony of witnesses "with less than impeccable credential." ECF No. 1279, 7. In support of his position, Movant relies on United States v. Cruz, 981 F.2d 659 (2d Cir. 1992), and United States v. Castillo, 924 F.2d 1227 (2d Cir. 1991). In both Cruz and Castillo, the government elicited testimony from an officer as to various routine acts in drug transactions. The government then argued that the defendants were guilty because the fact witnesses testified that the defendants undertook the same routine acts. Cruz and Castillo stand for the proposition that "the credibility of a fact witness may not be bolstered by arguing that the witness's version of events is consistent with an expert's description of patterns of criminal conduct." Cruz, 981 F.2d at 663.

The court agrees with Respondent that Cruz and Castillo are inopposite. In Castillo, an undercover officer was the sole witness to a drug sale in which he was participating. The undercover officer testified that one of the defendants displayed a gun, and that he was forced to ingest cocaine as a means of ensuring that he was not with law enforcement. The government also presented the testimony of an expert witness who testified about specific operating methods of drug dealers in the geographic area where the drug sale had taken place, including the display of a weapon in a waistband and forcing potential customers to ingest cocaine.

In Cruz, the government relied on the testimony of an informant who, according to the defendant, was not present at the drug transactions charged in the indictment. As its last witness, the government called an expert witness who testified into matters beyond a "dry explanation of the concerns and defenses of drug traffickers[.]" Cruz, 981 F.2d at 662. Rather, the expert witness's testimony impermissibly mirrored the informant's version of events. The Second Circuit noted that

the operations of drug dealers are a project subject for expert testimony; however, "the operations in question must have esoteric aspects reasonably perceived as beyond the ken of the jury and that expert testimony cannot be used solely to bolster the credibility of the government's fact-witnesses by mirroring their version of events." Id. at 664.

In the court's view, Respondent's use of Brown as an expert witness did not cross the line to improper bolstering or mirroring of the government witnesses' version of events. Rather, Brown testified with respect to aspects of the drug trade generally beyond the common knowledge of the jurors. The government did not ask Brown hypothetical questions mirroring the specific facts of the case, and did not use Brown's testimony to bolster the credibility of the fact witnesses. Because Brown's testimony was proper, trial counsel was not ineffective for failing to request a curative instruction. Movant's ground for relief is without merit.

B.     Trial counsel was ineffective for providing bad advice regarding the 18 U.S.C. § 924(c) counts.

Title 18, United States Code, Section 924(c) imposes enhanced penalties for "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" Movant asserts that trial counsel was ineffective for failing to inform Movant that he had been charged with "possession" in connection with the § 924(c) charges, i.e., Counts 3, 8, 9, and 25.

Movant states that he waived reading of the indictment at his arraignments and denies that he received copies of any of the indictments. Movant notes that he was offered the opportunity to

plea to one drug count and one gun count.[4]  Movant states that he determined from discovery that

the government would not be able to prove that he "used" or "carried" the firearms charged in

Counts 3, 8, 9, and 25, and thus he decided to take his chances at trial.  Movant concedes that the

government would have been able to prove "possession," such that he would have accepted the plea

agreement had he been advised as to the contents of the § 924(c) counts.  Movant alleges that trial

counsel showed him a copy of an indictment that did not recite "possession" as a portion of the §

924(c) charge.  Movant further asserts that trial counsel assured him he was not being charged with

"possession" in any of Counts 3, 8, 9, and 25.  Trial counsel denies Movant's allegations.  ECF No.

1265-2.

Although it strains credulity, the court will assume for purposes of argument that trial counsel

provided Movant with a copy of an indictment that neglected to contain the term "possession," and

that such performance was deficient.  Movant cannot establish prejudice, however, because, despite

his statements to the contrary, Movant acknowledged in writing receipt of a copy of the indictment

or superseding indictment, respectively, at the time of each arraignment.  See ECF Nos. 53, 163, 395,

549.  In addition, the court read pertinent counts of the third superseding indictment at jury selection,

and there is no assertion that Movant was surprised by the contents.

Movant's contention that he was required to rely on trial counsel to learn what language was

contained in the § 924(c) counts is not supported by the record.  There is no allegation that Movant

did not understand the implications of the "possession" portion of the § 924(c) counts or that trial

counsel's performance was otherwise deficient with respect to Counts 3, 8, 9, and 25.  Movant's

---

[4] According to the government, Movant was offered the opportunity to plead guilty to Count 1
(the drug conspiracy) and to one 924(c) count.  See ECF No. 1265, 11.

ground for relief is without merit.

C.     <u>Appellate counsel was ineffective for failing to appeal the denial of the motion to dismiss the indictment for a Speedy Trial Act violation.</u>

Movant contends that his time started running as of his arrest on August 18, 2006, and that he should have proceeded to trial no later than October 27, 2006. Movant further contends that, even if the commencement of the Speedy Trial Act started subsequent to his arrest, the continuances granted by the court were impermissible because he did not consent. Movant argues that appellate counsel was ineffective for failing to present this issue for review on appeal.

Title 18, United States Code, § 3161 provides, in pertinent part:

(a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. . . .

          . . . .

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

(B) delay resulting from trial with respect to other charges against the defendant;

(C) delay resulting from any interlocutory appeal;

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

(6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(I) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

> . . . .

In this case, Movant was arrested on a complaint on August 18, 2006. As required by the Speedy Trial Act, the indictment was filed within thirty days, on September 13, 2006. See id. § 3161(b). Movant was arraigned on October 3, 2006, and entered a not guilty plea.[5] It is at this point

---

[5] Movant was scheduled to be arraigned on September 19, 2006; however, he was arrested on a Family Court warrant and did not appear.

that the seventy day time constraints regarding trial commenced. <u>See</u> <u>id.</u> § 1361(c)(1).

As set forth in detail hereinabove, the seventy day period tolled thirty-four days later, on November 6, 2006, when the court issued its first continuance order. The seventy day period remained tolled until September 6, 2007, the date of the September 2007 term of court. Trial thereafter commenced eighteen days later, on September 24, 2007. Using these dates, a total of fifty-two days of nonexcludable time passed before the first day of trial. <u>See</u> <u>id.</u> § 1361(h).'

Further, Counts 18 through 26 were new charges brought pursuant to the third superseding indictment filed on August 28, 2007. Movant was arraigned on the charges in the third superseding indictment on September 5, 2007. Under <u>United States v. Carey</u>, 746 F.2d 228, 230-31 (4th Cir. 1984), the seventy-day period for Counts 18, 19, 21, 22, 23, 24, 25, and 26 commenced on September 5, 2007. The seventy-day period applied as well to the remaining counts, so as to end the seventy-day period simultaneously for all counts. The trial began nineteen days later, on September 24, 2007. Under this scenario, fifty-three days of nonexcludable time passed prior to trial.

The fact that Movant did not consent to the continuances granted by the court does not change the analysis. The court considered the factors under § 3161(h)(7)(B) and determined, in each instance, that the interests of justice were best served by granting a continuance. Further, as the court observed at the pretrial conference on September 18, 2007, Movant made no motion to be severed from the remaining defendants. Therefore, the periods of delay to which they consented applied to him as well. <u>See</u> <u>id.</u> § 3161(h)(6).

There being no Speedy Trial Act violation, there can be no grounds upon which to find appellate counsel ineffective for failing to raise an argument on appeal. Movant's claim is without merit.

D.    <u>Appellate counsel was ineffective for failing to appeal the leadership enhancement Movant received at sentencing</u>.

Movant denies that he was an organizer or leader in the conspiracy within the meaning of U.S.S.G. § 3B1.1.  Pursuant to Application Note 4,

> [t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

Ample evidence was presented at trial to establish Movant's role as an organizer, leader, manager, or supervisor of the conspiracy charged in the indictment.  Nevertheless, even if the enhancement had been removed by the court, Movant's sentence would not have changed.  Movant was subject to a mandatory minimum statutory sentence, and not to a guideline sentence.

Appellate counsel's performance was not deficient for failing to raise a meritless issue on appeal.  Movant's ground for relief is without merit.

## III.  CONCLUSION

For the reasons stated, Respondent's motion for summary judgment, as amended (ECF Nos. 1259, 1264) is **granted**.  Movant's § 2255 motion (ECF No. 1234) is **denied and dismissed**, with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84

(4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly,

the court **denies** a certificate of appealability.

       **IT IS SO ORDERED**.


                         /s/ Margaret B. Seymour                
                         Senior United States District Judge

Columbia, South Carolina

March 5, 2014.




                **NOTICE OF RIGHT TO APPEAL**

    **Movant is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**